BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
HEATHER S. PATRICCO, DISTRICT OF COLUMBIA STATE BAR NO. 465883
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

**U.S. COURTS**

SEP 11 2018

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GLOUDINA MARIA ROBBERTSE,<br>CHANTELLE CHARNE ROBBERTSE,<br><br>Defendants. | Case No. CR 18-0281-S EJL<br><br>**INDICTMENT**<br><br>18 U.S.C. § 2<br>18 U.S.C. § 1028A<br>18 U.S.C. § 1343<br>18 U.S.C. § 1349<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461(c) |

The Grand Jury charges:

### GENERAL ALLEGATIONS

At all times relevant to the Indictment:

1. The Defendants, GLOUDINA MARIA ROBBERTSE and CHANTELLE CHARNE ROBBERTSE, resided in the District of Idaho from in or about April 2017 through the present. The Defendants resided outside the District of Idaho prior to in or about April 2017.

INDICTMENT - 1

2. Bank of America N.A. ("BoA") was a financial institution as defined by 18 U.S.C. § 20(1), as an insured depository institution. Bank of America offered its customers checking and savings account services, as well as credit services, and provided access device cards, including debit cards to its customers.

3. Wells Fargo & Company ("Wells Fargo") was a financial institution as defined by 18 U.S.C. § 20(1), as an insured depository institution. Wells Fargo offered its customers checking and savings account services, as well as credit services, and provided access device cards including debit cards to its customers.

4. U.S. Bancorp, Inc. ("US Bank") was a financial institution as defined by 18 U.S.C. § 20(1), as an insured depository institution. US Bank offered its customers checking and savings account services, as well as credit services, and provided access device cards including debit cards to its customers.

5. California's Employment Development Department ("CEDD") was the administrator of disability insurance benefits for the State of California.

6. CEDD provided disability insurance benefits to individuals whom CEDD determined were entitled to receive such benefits ("claimants") through BoA and Wells Fargo debit cards that CEDD mailed to claimants. ("CEDD debit cards").

## COUNT ONE

### Conspiracy to Commit Wire Fraud
### 18 U.S.C. §§ 1343 and 1349

7. On a date unknown, until up to and including in or about 2018, in the District of Idaho and elsewhere, the Defendants, GLOUDINA MARIA ROBBERTSE and CHANTELLE CHARNE ROBBERTSE, did knowingly and intentionally combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to commit certain

INDICTMENT - 2

offenses against the United States, namely Wire Fraud, that is, by devising and intending to devise a scheme and artifice to defraud, as to material matters, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, by knowingly transmitting and causing to be transmitted by means of wire communication in interstate commerce any writings, signs, signals and sounds for the purpose of executing such scheme and artiface, all in violation of Title 18, United States Code, Sections 1343 and 1349.

## MANNER AND MEANS

8. In order to further the objects and goals of the conspiracy, the Defendants used the following manners and means, among others:

9. Beginning in or about 2016, and continuing until on or around 2018 in the District of Idaho and elsewhere, the Defendants caused to be filed fraudulent claims for disability insurance benefits with the CEDD.

10. The Defendants caused to be filed each claim using the identity of a real person, without their knowledge or approval, and Defendants knew that these "claimants" were real persons.

11. Once approved by the CEDD, Defendants received CEDD debit cards in the name of the claimants they were impersonating.

12. Defendants received the CEDD debit cards at one of several commercial mailboxes utilized by the Defendants.

13. Defendants activated the CEDD debit cards and established a PIN number for the CEDD debit cards.

14. Defendants withdrew the money from the CEDD debit cards in the District of Idaho and used it for personal expenditures.

INDICTMENT - 3

## OVERT ACTS

15. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the District of Idaho and elsewhere:

16. On April 14, 2017, GLOUDINA MARIA ROBBERTSE caused her BOA credit card to be used to pay for a commercial mailbox in Winchester, California, on Benton Road.

17. On October 14, 2017, in text messages, GLOUDINA MARIA ROBBERTSE and CHANTELLE CHARNE ROBBERTSE discussed forwarding mail from the commercial mailbox on Benton Road.

18. On October 18, 2017, in text messages, GLOUDINA MARIA ROBBERTSE and CHANTELLE CHARNE ROBBERTSE discussed pulling money from victim R.K.'s CEDD debit card and confirming $1000 had been pulled.

19. On February 6, 2018, CHANTELLE CHARNE ROBBERTSE possessed in her residence eleven BOA Visa debit cards and three Wells Fargo debit cards belonging to real persons.

20. On February 6, 2018, GLOUDINA MARIA ROBBERTSE possessed in her residence hand written notes with personal identifying information for real persons.

All in violation of Title 18, United States Code, Sections 1343 and 1349.

## COUNTS TWO THROUGH NINETEEN

### Wire Fraud
### 18 U.S.C. § 1343

21. The allegations set forth in paragraphs 1 through 20 above are hereby realleged as if set forth herein.

22. On or about the respective dates shown below, in the District of Idaho and elsewhere, the Defendants, GLOUDINA MARIA ROBBERTSE and CHANTELLE CHARNE ROBBERTSE,

did devise and intend to devise a scheme to defraud, as to material matters, CEDD, and to obtain money and property from CEDD by means of materially false and fraudulent pretenses, representations and promises, by knowingly transmitting and causing to be transmitted by means of wire communication in interstate commerce any writings, signs, signals and sounds for the purpose of executing such scheme and artifice to defraud. Each withdrawal of funds by the Defendants at a bank in Idaho caused a wire communication from Idaho to a payment processor outside Idaho, and each transmission described below constitutes a separate count of this Indictment:

| COUNT | DATE | LOCATION | CARD NO. | AMOUNT |
|---|---|---|---|---|
| 2 | 04/07/2017 | US Bank Meridian, Idaho | 8573 | $1003.00 |
| 3 | 04/25/2017 | US Bank Meridian, Idaho | 8573 | $283.00 |
| 4 | 05/05/2017 | US Bank Meridian, Idaho | 8573 | $1003.00 |
| 5 | 04/19/2017 | US Bank Meridian, Idaho | 6152 | $1003.00 |
| 6 | 04/20/2017 | US Bank Meridian, Idaho | 6152 | $263.00 |
| 7 | 05/31/2017 | US Bank Meridian, Idaho | 5908 | $1003.00 |
| 8 | 06/01/2017 | US Bank Meridian, Idaho | 5908 | $1003.00 |
| 9 | 06/02/2017 | US Bank Meridian, Idaho | 5908 | $1003.00 |
| 10 | 07/08/2017 | US Bank Meridian, Idaho | 9359 | $1003.00 |

**INDICTMENT - 5**

| 11 | 07/22/2017 | US Bank Meridian, Idaho | 9359 | $1003.00 |
| --- | --- | --- | --- | --- |
| 12 | 08/03/2017 | US Bank Meridian, Idaho | 9359 | $1003.00 |
| 13 | 06/15/2017 | US Bank Meridian, Idaho | 0555 | $1003.00 |
| 14 | 06/29/2017 | US Bank Meridian, Idaho | 0555 | $1003.00 |
| 15 | 07/13/2017 | US Bank Meridian, Idaho | 0555 | $1003.00 |
| 16 | 06/04/2017 | US Bank Meridian, Idaho | 4067 | $883.00 |
| 17 | 10/13/2017 | US Bank Meridian, Idaho | 0693 | $1003.00 |
| 18 | 10/14/2017 | US Bank Meridian, Idaho | 0693 | $1003.00 |
| 19 | 10/15/2017 | US Bank Meridian, Idaho | 0693 | $1003.00 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS TWENTY THROUGH THIRTY-SEVEN

### Aggravated Identity Theft
### 18 U.S.C. §§ 1028A and 2

23. From on or about 2016 through 2018, in the District of Idaho and elsewhere, the Defendants, GLOUDINA MARIA ROBBERTSE and CHANTELLE CHARNE ROBBERTSE, did knowingly use, without lawful authority, a means of identification of another person, to wit: CEDD debit cards, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, 18 U.S.C. § 1343, as alleged in Counts Two through Nineteen, which are

INDICTMENT - 6

incorporated herein by reference, knowing that the means of identification belonged to another actual person, described below for each count, and aided and abetted the same:

| COUNT | DATE | LOCATION | CARD NO. | AMOUNT | VICTIM |
|---|---|---|---|---|---|
| 20 | 04/07/2017 | US Bank Meridian, Idaho | 8573 | $1003.00 | A.G. |
| 21 | 04/25/2017 | US Bank Meridian, Idaho | 8573 | $283.00 | A.G. |
| 22 | 05/05/2017 | US Bank Meridian, Idaho | 8573 | $1003.00 | A.G. |
| 23 | 04/19/2017 | US Bank Meridian, Idaho | 6152 | $1003.00 | P.G. |
| 24 | 04/20/2017 | US Bank Meridian, Idaho | 6152 | $263.00 | P.G. |
| 25 | 05/31/2017 | US Bank Meridian, Idaho | 5908 | $1003.00 | T.K. |
| 26 | 06/01/2017 | US Bank Meridian, Idaho | 5908 | $1003.00 | T.K. |
| 27 | 06/02/2017 | US Bank Meridian, Idaho | 5908 | $1003.00 | T.K. |
| 28 | 07/08/2017 | US Bank Meridian, Idaho | 9359 | $1003.00 | W.R. |
| 29 | 07/22/2017 | US Bank Meridian, Idaho | 9359 | $1003.00 | W.R. |
| 30 | 08/03/2017 | US Bank Meridian, Idaho | 9359 | $1003.00 | W.R. |
| 31 | 06/15/2017 | US Bank Meridian, Idaho | 0555 | $1003.00 | J.R. |
| 32 | 06/29/2017 | US Bank Meridian, Idaho | 0555 | $1003.00 | J.R. |

INDICTMENT - 7

| 33 | 07/13/2017 | US Bank Meridian, Idaho | 0555 | $1003.00 | J.R. |
| 34 | 06/04/2017 | US Bank Meridian, Idaho | 4067 | $883.00 | R.K. |
| 35 | 10/13/2017 | US Bank Meridian, Idaho | 0693 | $1003.00 | C.O. |
| 36 | 10/14/2017 | US Bank Meridian, Idaho | 0693 | $1003.00 | C.O. |
| 37 | 10/15/2017 | US Bank Meridian, Idaho | 0693 | $1003.00 | C.O. |

All in violation of Title 18, United States Code, Sections 1028A and 2.

## CRIMINAL FORFEITURE ALLEGATION(S)
### Fraud Forfeiture
### 18 U.S.C. § 981(a)(1)(C)/28 U.S.C. § 2461(c)/18 U.S.C. § 982(a)

Upon conviction of the offenses alleged in Counts One through Nineteen of this Indictment, the Defendants, GLOUDINA MARIA ROBBERTSE AND CHANTELLE CHARNE ROBBERTSE, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting or derived from any proceeds the said Defendants obtained directly or indirectly as a result of the foregoing offense(s). The property to be forfeited includes, but is not limited to, the following:

1.   Unrecovered Cash Proceeds and/or Facilitating Property.   The Defendants obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendants used to facilitate the offense (if facilitation is alleged), but based upon actions of the Defendant[s], the property was transferred, diminished, comingled, or is otherwise unavailable.

2. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the Defendant" up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third person;

    c.    Has been placed beyond the jurisdiction of the court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 11 day of September 2018.

A TRUE BILL

/s/ [signature on reverse]
_____
FOREPERSON

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*[signature]*
HEATHER S. PATRICCO
ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT - 9**