UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


UNITED STATES OF AMERICA,    )
          Plaintiff,         )
vs.                          )    Case No. 1:18-cr-00281-EJL-2
CHANTELLE CHARNE ROBBERTSE,  )
          Defendant.         )
_____)


CHANGE OF PLEA HEARING
HELD BEFORE THE HONORABLE EDWARD J. LODGE
AT BOISE, IDAHO
DECEMBER 06, 2018


A P P E A R A N C E S


FOR THE PLAINTIFF:

HEATHER PATRICCO, AUSA
United States Attorney's Office
800 East Park Boulevard
Suite 600
Boise, ID 83712


FOR THE DEFENDANT:

JAY J. KIIHA
White Peterson Gigray & Nichols, PA
5700 E. Franklin Road
Suite 200
Nampa, ID 83687


Reported by:
Lisa K. Yant, CSR, RPR, CFRR
Official Court Reporter

P R O C E E D I N G S

December 06, 2018 – Boise, Idaho


THE CLERK:  The Court will now hear the change of plea in USA vs. Chantelle Charne Robbertse, Case No. 1:18–cr–281–EJL.

Counsel, please state your appearances for the record.

MS. PATRICCO:  Patricia Patricco for the United States.

MR. KIIHA:  Jay Kiiha for Chantelle Robbertse, who is seated to my left.

THE COURT:  Good afternoon, Counsel.

Good afternoon, ma'am.

THE DEFENDANT:  Good afternoon, Your Honor.

MR. KIIHA:  Good afternoon, Your Honor.

MS. PATRICCO:  Good afternoon, Your Honor.

THE COURT:  Ma'am, the Court has been advised that you desire to appear before the Court in the absence of the jury for the purpose of withdrawing a previous plea of not guilty to Count 31 of the Indictment charging aggravated identity theft and for the purpose of entering a plea of guilty to that charge pursuant to certain plea negotiations; is that correct?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Before the Court can allow you to do that, I need to ask you a few questions.  I would like to do that while you are under oath.  So if you have no objection, please

stand, raise your right hand and be sworn by the clerk.

              DEFENDANT CHANTELLE CHARNE ROBBERTSE SWORN

        THE COURT:  You may be seated.

        Ma'am, your answers to my questions will now be subject to the penalties of perjury and/or making a false statement if you would intentionally falsify an answer.  I don't expect that to happen, but I want you to be aware of it.  So if you do not understand the Court, just ask the Court to repeat the question or visit with your attorney before you answer, okay?

        THE DEFENDANT:  Okay.

        THE COURT:  For the record, ma'am, how old are you?

        THE DEFENDANT:  I am 24 years old, Your Honor.

        THE COURT:  And the extent of your formal education?  How far did you go in school?

        THE DEFENDANT:  I have a dual Associate's in business and psychology.

        THE COURT:  So in your discussions with your attorney, you felt that you understood what he was advising you of?

        THE DEFENDANT:  Yes, Your Honor.

        THE COURT:  You have had adequate time to be with your attorney before you made your appearance here today?

        THE DEFENDANT:  Yes, Your Honor.

        THE COURT:  Now, you previously received a copy of the charge against you and you went over that with counsel before

1   you made your appearance here today?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  And with your background and education,

4   you felt that you understood what you have been charged with?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Nevertheless, I am going to ask

7   Ms. Patricco to again advise you not only as to the nature of

8   the charge, but more importantly, the elements that have to be

9   proven beyond a reasonable doubt before you could be found

10  guilty, and then to give you a short statement concerning what

11  the government's evidence would be to establish your guilt.

12          A little later in this proceeding, I will ask you if

13  you agree with that summary.  So listen to Ms. Patricco, please.

14          MS. PATRICCO:  Thank you, Your Honor.

15          May it please the Court.

16          THE DEFENDANT:  Counsel.

17          MS. PATRICCO:  The elements of the crime of aggravated

18  identity theft under 18 United States Code Sections 1028A and 2

19  as charged in Count 31 are as follows:

20          First, the defendant knowingly used, without legal

21  authority, a means of identification of another person;

22          Second, the defendant knew that the means of

23  identification belonged to a real person;

24          And third, the defendant did so during and in relation

25  to a felony enumerated in 18 U.S.C. 1028A(c), namely, wire

1    fraud, in violation of 18 USC Section 1343.

2         Knowledge may be established if, one, defendant was

3    aware of a high probability that a fact existed; and two,

4    deliberately avoided learning the truth about that fact.

5         If this matter were to proceed to trial, the

6    government would prove the following facts beyond a reasonable

7    doubt:

8         While living in California, the defendant aided and

9    abetted in a scheme to defraud the California Employment

10   Development Department, CEDD, or obtain money or property from

11   CEDD by means of false or fraudulent pretenses, representations,

12   or promises.

13        The defendant aided and abetted with the scheme when

14   she moved to Idaho in April of 2017.  The defendant was aware of

15   a high probability that fraudulent claims for disability

16   insurance benefits were filed with the CEDD.  These claims were

17   submitted using the identity of a real person without their

18   knowledge or approval.

19        The defendant was aware of a high probability that

20   these claimants were real persons.  The claim form included

21   personal identifying information of the claimant to include

22   names, birth dates, and Social Security numbers.  These

23   misrepresentations were material.

24        Once the claim was approved by the CEDD, the defendant

25   received CEDD debit cards in the name of the claimant.  These

1    CEDD debit cards were sent to one of several commercial

2    mailboxes used by the defendant.  A PIN number for the CEDD

3    debit cards was established.  Thereafter, the defendant would

4    withdraw money from the CEDD debit card at banking institutions

5    in California and/or the District of Idaho.  Each time she

6    withdrew money from the CEDD debit cards, the defendant caused

7    an interstate wire transfer from the payee bank.

8    With respect to Count 31, the defendant was aware of a

9    high probability that a false claim for benefits with the CEDD

10    was filed.  The defendant knowingly used the identity of J.R.

11    without the knowledge or approval of J.R.  The defendant knew

12    that J.R. was a real person.  This false claim caused the CEDD

13    to issue a CEDD debit card in the name of J.R. that was received

14    by the defendant.

15    On or about June 15th, 2017, defendant caused the

16    money from the CEDD debit card to be withdrawn at U.S. Bank in

17    Meridian, Idaho, resulting in an interstate wire transfer

18    therefrom.  Hence, the defendant admits to aggravated identity

19    theft of J.R. by using the identity of J.R. to further the wire

20    fraud scheme.

21    In total, defendant aided and abetted in defrauding

22    the CEDD of $475,350.28.

23    Thank you.

24    THE COURT:  Thank you.

25    Ma'am, Count 31 is what is referred to as a Class E

felony.  By statute it carries a mandatory minimum of two years
imprisonment and that would run consecutive to any other charges
that you pled guilty to or could have pled guilty to -- strike
that.

It is a mandatory minimum of two years and it does run
consecutive, meaning on top of, any other charges that
potentially could be filed against you for this time frame.

Is that your understanding as well?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And, defense counsel, you have gone over
that with her so she understands when we are talking about a
consecutive sentence?

MR. KIIHA:  I have, Your Honor.

THE COURT:  Now, having been advised by Ms. Patricco
concerning this charge, the elements that have to be proven
beyond a reasonable doubt, and what the government's evidence
would be to establish your guilt, and having been advised by the
Court concerning the maximum possible punishment that is allowed
for by statute for a Class E felony as charged therein, you
still have the right to elect to have this matter presented to a
jury rather than pleading guilty today.

If you made that election, of course, the burden of
proof would be upon the government to prove you guilty beyond a
reasonable doubt.  That burden never shifts to you.  You enjoy
the presumption of innocence and the right to remain silent.

1    What that really means of course is the government

2    would have to call its witnesses into the courtroom to testify

3    in your presence so that you, through your counsel, could

4    confront, cross-examine them.  You would have a right to bring

5    in witnesses to testify in your own behalf, and if they were

6    reluctant to do so, you could use the subpoena powers of the

7    Court to bring them in.

8    Of course, you could voluntarily take the witness

9    stand, but you could not be forced to do so because of your

10   constitutional rights to remain silent.  If you elected to

11   remain silent, the Government cannot comment on that fact in the

12   presence of the jury.

13   You have a right to participate in the selection of

14   the jury and exercise what we call peremptory challenges, up to

15   ten in number.  Peremptory challenges are silent challenges; you

16   don't have to tell the juror or jurors why you are removing

17   them.  Of course, if there was actual bias or prejudice or some

18   other good cause shown, you could challenge individual jurors or

19   even the panel as a whole.  And if the Court agreed, they would

20   be asked to step down and new jurors would be brought in.

21   If you were convicted, you would have a right to

22   appeal.  And if you did not have the means of retaining counsel,

23   the Court would appoint counsel for you.

24   By entering a plea of guilty to a felony, you are

25   waiving each and every one of those constitutional rights except

1     for representation by counsel, and the only thing that would

2     remain would be the sentencing hearing itself.

3           Do you feel you understand your constitutional rights?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  Is it your desire to waive the same and

6     proceed with this plea hearing today?

7           THE DEFENDANT:  Yes, Your Honor.

8           THE COURT:  Now, if a person enters a plea of guilty

9     to a felony, the Court orders what we call a presentence report.

10     The purpose of that report is to advise the Court, as best we

11     can, what disposition should be made in this case.  But because

12     the Court is required to take into account the recommended

13     Sentencing Guidelines as well as the statutory sentencing goals,

14     along with a number of other factors, neither the Court, nor

15     counsel, nor anyone else can tell you exactly what punishment,

16     if any, might be imposed.  And if anyone has made such a

17     prediction, it is just that, a prediction; it is not a promise.

18           Are you aware of that?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  The Court necessarily has to take into

21     account all conduct, circumstances, and injuries, if any,

22     associated with your criminal conduct, whether charged or not or

23     even if the same were dismissed.  That is referred to as

24     relevant conduct.  What that means is the Court is to look at

25     the big picture and to take into consideration anything and

1    everything that bears upon the particular charge to which you

2    would be pleading guilty.  So it is not only mitigating

3    circumstances, it is aggravating circumstances as well.

4            Are you aware of that?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  Parole as you might have understood it in

7    the state system does not exist in the federal system.  So if

8    the Court did, in fact, sentence you to the federal

9    penitentiary, you would have to spend that time, minus good time

10   that you might earn after a period of one year.

11           Are you aware of that?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Now, there are certain things that tend to

14   cause that recommended Sentencing Guideline range, and in this

15   case the mandatory minimum, that would bear upon the sentence

16   that would be imposed at the time of sentencing.

17           This mandatory minimum, I guess that can be modified

18   or affected by a motion that might be filed by the government

19   before sentencing?

20           MS. PATRICCO:  Yes, Your Honor.  I think it could be

21   if there is a motion filed by the government or up to one year

22   after sentencing.  I think, according to the Code Section, it

23   can be modified; yes, Your Honor.

24           THE COURT:  Mr. Kiiha, that is your understanding as

25   well?

1          MR. KIIHA:  Yes, Your Honor, it is.

2          THE COURT:  And you have discussed that with the

3     defendant?

4          MR. KIIHA:  Yes, sir.

5          THE COURT:  Ma'am, you feel you understand what the

6     mandatory sentence would be absent a motion by the government?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Now, having been advised by Ms. Patricco

9     concerning this matter, and the Government's position concerning

10     the evidentiary issues, and having been explained by the Court

11     concerning the maximum possible punishment.  As far as your

12     right to a jury trial, I want to make sure you understand even

13     at this point you have a right to ask the Court to have this

14     matter proceed with a jury trial.

15          THE DEFENDANT:  Yes, Your Honor, I understand.

16          THE COURT:  In this case you have entered into a plea

17     agreement; have you not?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Do you have that in front of you?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  And you have read that and gone over it

22     very carefully with counsel before you made your appearance here

23     today?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Now, you understand the Court did not

1    participate in the plea negotiations.  And while I naturally

2    listen to what you have to say and to what counsel might

3    recommend, if the Court, after reading that presentence report

4    that I talked about and considering any other information it had

5    felt that something other than what was being recommended should

6    be done, the Court could do that.

7            You are aware of that?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  Now, the Plea Agreement that is before the

10   Court speaks for itself, but you have read that and gone over it

11   very carefully with counsel?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Commencing on page 4 and 5, you understand

14   that there is a paragraph concerning restitution in this matter?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  And you have read that and you understand

17   what that provides for and what your agreement is concerning the

18   same?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  Now, if you carry out the terms and

21   conditions of this agreement, the government intends to

22   recommend that you be given the appropriate reduction for

23   acceptance of responsibility and that may very well happen.  But

24   again, it is a recommendation, it is not binding on the Court.

25           And you are aware of that?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  You have agreed not to seek a downward

3     departure or a variance from this agreement unless you notify

4     the government at least 21 days in advance of sentencing of your

5     intent to do so and the reasons and the basis therefore?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  You agreed to cooperate and provide

8     truthful information and assistance as outlined in this

9     document.  If you do that, the government in turn has agreed

10    that they will not use the information you provide against you,

11    but, of course, that does not cover information that was

12    previously known to law enforcement agencies or is discoverable

13    by or through an independent source, in other words, someone

14    other than you, or it is for a breach of this agreement.  Those

15    are the type of exceptions.

16          You have read that and you are aware of what that

17    includes?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  It is very important under "substantial

20    assistance" on page 8 that you understand that motion in the

21    first instance is a decision made by the government, not the

22    Court.  The Court cannot force that to happen.  But if the

23    motion is, in fact, filed, then it is up to the Court as to

24    whether that motion should be granted and to the extent that it

25    should be granted.

1                    Are you aware of that?

2                THE DEFENDANT:  Yes, Your Honor.

3                THE COURT:  You have agreed to assume the risk that is

4 involved with cooperation, and that basically means hold the

5 government harmless?

6                THE DEFENDANT:  Yes, Your Honor.

7                THE COURT:  You have agreed to waive any and all

8 appealable rights, post-conviction writs or other defenses that

9 you might have otherwise been able to raise except for those

10 that are specifically set forth in Part VII of this agreement.

11 Those are the only exceptions.

12                    Did you agree to that?

13                THE DEFENDANT:  Yes, Your Honor.

14                THE COURT:  You understand your obligation concerning

15 the disclosure of financial information?

16                THE DEFENDANT:  Yes, Your Honor.

17                THE COURT:  Now, contrary to what I told you about

18 your not being able to withdraw your plea, if the Court accepts

19 the same, if you failed to carry out the terms and conditions of

20 this agreement the government could withdraw and they could go

21 forward with this charge or any other charges that were

22 appropriate, and you would have waived any speedy trial rights,

23 any statute of limitation defenses, things of that nature, and

24 the government has the options that are set forth under Part XI

25 of this agreement.

1           Are you aware of that?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE COURT:  So you are not relying on any other terms

4   or conditions than those stated in this Plea Agreement; is that

5   correct?

6           THE DEFENDANT:  That's correct, Your Honor.

7           THE COURT:  Now, you recall what Ms. Patricco told you

8   about this charge, the elements that have to be proven beyond a

9   reasonable doubt, and what the Government's evidence would be to

10  establish your guilt, and those matters are contained in the

11  Plea Agreement as well.

12          Do you agree with that summary?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  So you admit those facts are true?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  And that those facts would sustain a

17  finding of guilt as to each element of that charge beyond a

18  reasonable doubt, correct?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Counsel, you also agree that there is both

21  a proper factual and legal basis for the entry of a plea?

22          MR. KIIHA:  I do, sir.  Thank you.

23          THE COURT:  Do you feel you have discussed any and all

24  potential defenses that you are aware of with the defendant?

25          MR. KIIHA:  I have, Your Honor.

1          THE COURT:  And whether the Court has asked it or not,

2    do you know of any reason why the defendant should not be

3    allowed to enter a plea of guilty?

4          MR. KIIHA:  I do not at this time, Your Honor.

5          THE COURT:  Ma'am, are you ready to go forward with

6    your plea?

7          MS. PATRICCO:  Your Honor, I am sorry to interrupt the

8    Court.

9          I would just say prior to the defendant entering into

10   any plea that on page 13 of the Plea Agreement, I would just

11   like the defendant to be advised of the risk of removal from the

12   United States as this individual is not a United States citizen.

13         THE COURT:  Thank you for bringing that to the Court's

14   attention.

15         Ma'am, you are not a United States' citizen?

16         THE DEFENDANT:  No, Your Honor.

17         THE COURT:  So by pleading guilty to a felony, you do

18   understand there is a risk of removal from the United States?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Taking all these things into consideration

21   and the advice of your counsel, again, the Court will ask you,

22   what is your plea to Count 31 of the Indictment charging

23   aggravated identity theft as charged therein, guilty or not

24   guilty?

25         THE DEFENDANT:  Guilty, Your Honor.

1    THE COURT:  The Court is going to accept your plea.

2    Whether the Court goes along with the Plea Agreement, of course,

3    will be determined at the time of sentencing.

4    With that understanding, the Court is going to set the

5    date of sentencing for February 21st of next year at 2:30 p.m.

6    The report will be due to counsel on or before January 10th; any

7    objections must be filed on or before January 24th; and the

8    final report will be due to Court and counsel on or before

9    February 7th.

10    So, ma'am, there will be a presentence investigator

11    visiting with you.  That person is an officer of the Court.

12    They do have the means of checking out your information so it is

13    important that you be truthful.  The Court takes everything into

14    consideration right up to the day of sentencing.  Once that

15    report is completed, it will come back to you so that you will

16    have a chance to read it with the assistance of counsel.

17    If you find there is something in error or wrong in

18    that report, you ask your attorney to file a written objection.

19    The written objection would go back to the presentence

20    investigator.  If they agreed with your objection, they would

21    correct the report right then.  If not, your objection and their

22    response will come before the Court and the Court will have to

23    resolve those disputes.

24    You will be given an opportunity to tell me anything

25    you want me to take into consideration by way of mitigation, and

1    you can call witnesses if you choose to do so.

2            Do you have any questions at all?

3            THE DEFENDANT:  No, Your Honor.

4            THE COURT:  What is the government's position

5    concerning incarceration pending sentence?

6            MS. PATRICCO:  Your Honor, we are not requesting

7    incarceration at this time.

8            THE COURT:  So, ma'am, you will be continued on the

9    same terms and conditions, if any, previously imposed by the

10   magistrate court.  It is important that you keep in mind that

11   this Court reserves the right to terminate your release

12   forthwith if there is any evidence brought before the Court that

13   would warrant the same.

14           If you failed to appear, and I'm not suggesting that

15   you wouldn't, but if you failed to appear, that is a separate

16   offense and could result in further incarceration even on top of

17   what I have already advised you of.

18           Do you understand that?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  So just stay in contact with your counsel

21   so if we need to adjust that sentencing date we can get ahold of

22   you.  Otherwise, appear on February 21st of next year at 2:30

23   p.m.

24           Okay?

25           THE DEFENDANT:  Okay, Your Honor.

1          THE COURT:  Thank you very much.

2          (Proceedings concluded at 3:40 p.m.)

1                        REPORTER'S CERTIFICATE

2

3

4

5            I, LISA K. YANT, CSR, RPR, CFRR, certify that the

6    foregoing is a correct transcript of proceedings in the

7    above-entitled matter.

8

9

10

11

12

13

14

15    /s/  Lisa K. Yant                      05/04/2020

16    LISA K. YANT, CSR, RPR, CFRR              Date

17

18

19

20

21

22

23

24

25